UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. **1:26CR 003** |
| v. | : | JUDGE **J. HOPKINS** |
| VISION & BEYOND GROUP LLC, | : | INDICTMENT |
| STANISLAV GRINBERG, | : | |
| PETER GIZUNTERMAN, | : | 18 U.S.C. § 1349 |
| KEYA HAMILTON, and | : | 18 U.S.C. § 1344 |
| KELLY WEST, | : | 18 U.S.C. § 1014 |
| | : | 18 U.S.C. § 1957 |
| Defendants. | : | |
| | : | FORFEITURE ALLEGATIONS |

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

### Introduction

1. Defendant **VISION & BEYOND GROUP LLC (V&B)** was a company formed in the State of Ohio on or about April 22, 2019. The company's registration was cancelled by the Ohio Secretary of State on or about May 8, 2025.

2. Defendant **STANISLAV GRINBERG (GRINSBERG)** was previously a resident of the Southern District of Ohio and Tennessee at times relevant to the allegations below. **GRINBERG** is a citizen of the State of Israel and a co-owner and managing member of **V&B**.

3. Defendant **PETER GIZUNTERMAN (GIZUNTERMAN)** was previously a resident of the Southern District of Ohio at all times relevant to the allegations below. **GIZUNTERMAN** is a citizen of the State of Israel and a co-owner and managing member of **V&B**.

1

4. **GRINBERG** and **GIZUNTERMAN** also formed Ohio companies under the names Vision and Beyond Capital Investments, Vision & Beyond Builders LLC, and 4588 LLC, which operated under the fictitious name, Vision Builders.

5. **KEYA HAMILTION (HAMILTON)** is a resident of the Southern District of Ohio at all times relevant to the allegations below and worked for various real estate closing businesses.

6. **KELLY WEST (WEST)** is a resident of the Southern District of Ohio at all times relevant to the allegations below. **WEST** previously worked for a title company in the Southern District of Ohio (Title Company 1).

## COUNT 1
### (Conspiracy to Commit Bank Fraud)

### The Conspiracy

7. Paragraphs 1-6 are incorporated as if fully restated herein.

8. In approximately 2019, **STANISLAV GRINBERG** and **PETER GIZUNTERMAN** formed a real estate investment business (**V&B**) that was based in the Southern District of Ohio. A central purpose of the business (including the affiliated companies formed by **GRINBERG** and **GIZUNTERMAN**) was to purchase multi-unit apartments and multi-family properties for renovation and rental income.

9. In furtherance of this real estate investment business, **V&B, GRINBERG,** and **GIZUNTERMAN** solicited investments from numerous individual and entities, including numerous individuals from outside the United States.

10. In furtherance of this real estate investment business, **V&B, GRINBERG,** and **GIZUNTERMAN** obtained several rounds of financing and refinancing loans that purportedly used the acquired real estate properties as unencumbered collateral.

2

11. From on or about 2021 and continuing through approximately on or about November 2024, in the Southern District of Ohio and elsewhere, the defendants, **VISION & BEYOND GROUP, LLC, STANISLAV GRINBERG, PETER GIZUNTERMAN, KEYA HAMILTON, KELLY WEST,** and others, knowingly and willfully conspired and agreed to execute a scheme and artifice to defraud financial institutions, and to obtain monies, funds, and property owned by and under the custody and control of such financial institutions by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344.

### Purpose and Object of the Conspiracy

12. The purpose and object of the conspiracy was for the defendants, **VISION & BEYOND GROUP, LLC, STANISLAV GRINBERG, PETER GIZUNTERMAN, KEYA HAMILTON, KELLY WEST,** and others to enrich themselves by fraudulently obtaining loans from financial institutions for the refinancing of real estate investment properties, using false representations and fraudulent practices.

### The Manner and Means of the Conspiracy

13. The manner and means by which the coconspirators sought to accomplish the objectives of the conspiracy included the following:

    a. **GRINBERG** and **GIZUNTERMAN** used **V&B** and other affiliated LLCs to purchase and control multi-unit apartments and multi-family properties.

    b. **V&B, GRINBERG** and **GIZUNTERMAN** obtained refinancing for the properties but did not use the funds to pay off the existing loans and mortgages. As a result, the properties were "double pledged" to multiple lenders, meaning

they were fraudulently used as collateral to multiple lenders, unbeknownst to the lenders.

    c. **V&B, GRINBERG** and **GIZUNTERMAN** were able to perpetrate this scheme through the assistance of two other individuals, defendants **KEYA HAMILTON** and **KELLY WEST**, who worked for businesses that did real estate transaction closings.

    d. On behalf of **V&B, GRINBERG,** and **GIZUNTERMAN,** defendants **HAMILTON** and **WEST** handled the creation and use of fraudulent closing paperwork in order to execute the scheme.

    e. In order to facilitate the scheme, at times, the coconspirators falsified documents related to the financing transactions, including closing statements and partial mortgage releases. At times, the coconspirators defrauded lenders by altering closing documents and removing mortgages from the title commitments so that the financial institutions were unaware of other existing mortgages, resulting in the double pledging of properties.

    f. At times, the coconspirators diverted funds from the new funding to **V&B**-related accounts, instead of using the funds to payoff the pre-existing loans.

14. *The Cincinnati Transaction*. For example, on or about December 22, 2022, the coconspirators refinanced a large number of properties and loans through a lender (Financial Institution 1). Most of the properties were in the Cincinnati area. The transaction was structured as two separate loans for approximately 60 multi-family properties in the Southern District of Ohio owned by **GRINBERG** and **GIZUNTERMAN** through various limited liability companies. As part of the

4

transaction, **GRINBERG** and the **GIZUNTERMAN** were obligated to transfer title for the properties from existing LLCs into two companies called Cincinnati Portfolio Holdings VNB I, LLC and Cincinnati Portfolio Holdings VNB II, LLC. These 60 properties were intended to be collateral for the loans to the two VNB entities. **GRINBERG** and **GIZUNTERMAN** were the loan "Sponsors" and signed as the members of the LLCs. In total, over $36 million was loaned by Financial Institution 1 to **GRINBERG** and **GIZUNTERMAN** under these two loan transactions.

15. However, **V&B, GRINBERG, GIZUNTERMAN, HAMILTON, WEST,** and the coconspirators deceived the financial institutions in these parallel transactions by, among other things, not transferring the title to the properties into the borrowing LLCs and not using the loan proceeds to pay off existing mortgages. Specifically, the closings for the two loans were supposed to payoff 30 specific prior mortgages. In reality, and due to the fraud of the defendants, 20 of the prior mortgages with a value of approximately $17.2 million were not paid off at closing. Of those funds diverted at closing, $273,516.59 was paid directly to **HAMILTON**; approximately $6.94 million was paid to a title company controlled by **HAMILTON** and used by **V&B**; $6.295 million was paid directly to **V&B's** account at U.S. Bank (x9071); and approximately $2.7 million was paid to another bank to payoff a real estate loan unrelated to this refinancing.

16. *The Lexington Transaction.* The conspirators engaged in similar conduct in relation to four apartment complexes in the Lexington, Kentucky area. In 2021, **V&B, GRINBERG** and **GIZUNTERMAN,** using various limited liability companies, purchased the apartments through more than $8 million in loans. In August 2023, the coconspirators

5

refinanced the same properties through a $24.6 million loan that was assigned to Financial Institution 2.

17. Again, **V&B, GRINBERG, GIZUNTERMAN, HAMILTON, WEST,** and the coconspirators defrauded financial institution(s) in these transactions by, among other things, double pledging the properties and not using the loan proceeds to pay off the prior mortgages. Of the $24.645 million obtained in this refinancing, none of the four preexisting loans identified on the closing statement were actually paid off at closing. Instead, $10.9 million of the $18.3 million was transferred directly into **V&B's** account. $993k was diverted to **HAMILTON** directly and $800k was transferred to **HAMILTON's** closing company. Some funds were used to belatedly payoff two of the properties from the prior Cincinnati transaction. $3.88 million was transferred to payoff an unrelated **V&B** deal in Cincinnati.

**In violation of 18 U.S.C. § 1349.**

## COUNT 2
### (Bank Fraud)

18. Paragraphs 1-6, 8-10, and 12-17 are incorporated as if fully restated herein.

19. On or about December 22, 2022, in the Southern District of Ohio, the defendants, **VISION & BEYOND GROUP, LLC, STANISLAV GRINBERG, PETER GIZUNTERMAN, KEYA HAMILTON, KELLY WEST,** knowingly executed, and attempted to execute, a scheme or artifice to defraud Financial Institution 1 and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of Financial Institution 1, by means of materially false and fraudulent pretenses, representations and promises, by altering closing documents, removing

6

mortgages from the title commitments, and diverting funds, resulting in the double pledging of properties and a failure to payoff pre-existing loans.

**In violation of 18 U.S.C. § 1344 and 2.**

## COUNT 3
### (False Statements)

20. Paragraphs 1-6, 8-10, and 12-17 are incorporated as if fully restated herein.

21. On or about December 22, 2022, in the Southern District of Ohio, the defendants, **VISION & BEYOND GROUP, LLC, STANISLAV GRINBERG, PETER GIZUNTERMAN, KEYA HAMILTON, KELLY WEST,** knowingly made a false statement for the purpose of influencing the action of Financial Institution 1, in connection with the two loans related to properties associated with Cincinnati Portfolio Holdings VNB I, LLC and Cincinnati Portfolio Holdings VNB II, LLC, in that the defendants participated and aided and abetted in the creation of a false HUD-1 closing statement that indicated the pre-existing loans were paid at closing, when in truth and in fact, the defendants knew that the prexisting loans had not been paid off.

**In violation of 18 U.S.C. § 1014 and 2.**

## COUNT 4
### (Money Laundering)

22. Paragraphs 1-6, 8-10, and 12-17 are incorporated as if fully restated herein.

23. On or about December 27, 2022, in the Southern District of Ohio and elsewhere, the defendant, **STANISLAV GRINBERG**, did knowingly engage and attempt to engage in a monetary transaction by through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the purchase and deposit of a cashier's check from one of **HAMILTON's** accounts at U.S.

Bank made payable to **STANISLAV GRINBERG** in the amount of $93,000, such property having been derived from a specified unlawful activity, that is, bank fraud, in violation of 18 U.S.C. § 1344 and § 1349.

**In violation of 18 U.S.C. § 1957 and 2.**

## COUNT 5
### (Money Laundering)

24. Paragraphs 1-6, 8-10, and 12-17 are incorporated as if fully restated herein.

25. On or about January 18, 2023, in the Southern District of Ohio and elsewhere, the defendant, **PETER GIZUNTERMAN**, did knowingly engage and attempt to engage in a monetary transaction by through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, $1.6 million of the funds were transferred from a closing company controlled by **KEYA HAMILTON** into **GIZUNTERMAN's** brokerage account at Interactive Brokers (x9874), such property having been derived from a specified unlawful activity, that is, bank fraud, in violation of 18 U.S.C. § 1344 and § 1349.

**In violation of 18 U.S.C. § 1957 and 2.**

## COUNT 6
### (Money Laundering)

26. Paragraphs 1-6, 8-10, and 12-17 are incorporated as if fully restated herein.

27. On or about December 23, 2022, in the Southern District of Ohio and elsewhere, the defendant, **KEYA HAMILTON**, did knowingly engage and attempt to engage in a monetary transaction by through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the transfer of $123,005.00 and $117,273.85 of the loan proceeds from Title Company 1's

8

escrow account into **HAMILTON's** personal account at Chase Bank (x9356), such property having been derived from a specified unlawful activity, that is, bank fraud, in violation of 18 U.S.C. § 1344 and § 1349.

**In violation of 18 U.S.C. § 1957 and 2.**

## COUNT 7
### (Money Laundering)

28. Paragraphs 1-6, 8-10, and 12-17 are incorporated as if fully restated herein.

29. On or about January 12, 2023, in the Southern District of Ohio and elsewhere, the defendant, **KELLY WEST**, did knowingly engage and attempt to engage in a monetary transaction by through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, after the transfer of some of the loan proceeds from Title Company 1's escrow account into **HAMILTON's** personal account at Chase Bank (x9356), $25,000 of such funds were transferred to **KELLY WEST's** account at Day Air Credit Union, such property having been derived from a specified unlawful activity, that is, bank fraud, in violation of 18 U.S.C. § 1344 and § 1349.

**In violation of 18 U.S.C. § 1957 and 2.**

### FORFEITURE ALLEGATION

Upon conviction of the offense set forth in Count 1 of this Indictment, **VISION & BEYOND GROUP, LLC, STANISLAV GRINBERG, PETER GIZUNTERMAN, KEYA HAMILTON, KELLY WEST** shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation, including but not limited to:

The contents of JP Morgan Chase Bank, Account Number ending in 2831, in

9

the name of National Title Company IOTA Trust Account.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

A TRUE BILL

/S/

_____
GRAND JURY FOREPERSON


**DOMINICK S. GERACE II**
**UNITED STATES ATTORNEY**

_____
**GEORGE ROBERT PAINTER, IV**
**TIMOTHY S. MANGAN**
**ASSISTANT UNITED STATES ATTORNEYS**

